# EXHIBIT C-1

Filed
1/29/2019 6:44 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. _____2019CCV-60182-2_____

| | | |
|---|---|---|
| CORPUS CHRISTI ISLAND APARTMENT VILLAS MANAGEMENT GROUP LLC DBA ISLAND VILLA APARTMENT HOMES<br>    Plaintiff, | §<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE COUNTY COURT |
| v. | §<br>§ | AT LAW NUMBER _____ |
| UNDERWRITERS AT LLOYD'S, LONDON, DAVID CARBERRY, AMRISC, LLC, QBE SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY, INTERNATIONAL INSURANCE COMPANY OF HANNOVER SE, INDIAN HARBOR INSURANCE COMPANY, VERICLAIM INC., SEDGWICK<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br><br><br><br><br><br><br><br><br><br>NUECES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CORPUS CHRISTI ISLAND APARTMENT VILLAS MANAGEMENT GROUP LLC DBA ISLAND VILLA APARTMENT HOMES ("Plaintiff or Island Villas"), and files this *Plaintiff's Original Petition*, complaining

of UNDERWRITERS AT LLOYD'S, LONDON ("Lloyds"), AMRISC, LLC ("AmRisc"), QBE SPECIALTY INSURANCE COMPANY ("QBE"), STEADFAST INSURANCE COMPANY ("Steadfast"), GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA ("General Security"), UNITED SPECIALTY INSURANCE COMPANY ("United"), LEXINGTON INSURANCE COMPANY ("Lexington"), PRINCETON EXCESS AND SURPLUSS LINES INSURANCE COMPANY ("Princeton"), INTERNATIONAL INSURANCE COMPANY OF HANNOVER SE ("Internantional"), INDIAN HARBOR INSURANCE COMPANY ("Indian"), (collectively referred to as "Insurance Defendants") VERICLAIM INC. ("VeriClaim"), SEDGWICK ("Sedgwick"), and DAVID CARBERRY ("Carberry") for cause of action, Plaintiff would respectfully show this Honorable Court the following:

## DISCOVERY CONTROL PLAN

1.  Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of its suit.

## PARTIES

2.  Plaintiff Corpus Christi Island Apartment Villas Management Group LLC DBA Island Villa Apartment Homes is a domestic entity with its principal place of business in Nueces County, Texas.

3.   Defendant Underwriters at Lloyd's, London is an alien insurance company engaging in the business of insurance in the State of Texas. This defendant may be served via certified mail, return receipt requested by the clerk of the court, by serving its Chief Executive Officer, John Neal, C/O Lloyd's America, Inc. at 25 W 53rd St., Floor 14, New York, NY 10019-5401.

4.   Defendant David Carberry is an individual residing in and domiciled in the State of Texas. This Defendant may be served with personal process, by a process server at his place of business 4864 Calhoun Canyon Loop, Austin, TX 78735 or any place he may be found.

5.   Defendant AmRisc, LLC is a domestic managing general agent engaging in the business of underwriting, policy issuance, inspection coordination and portfolio management on behalf of an insurer in the State of Texas. This defendant may be served via certified mail, return receipt requested by the clerk of the court, by serving its President and CEO, R. Daniel Peed, at 20405 State Hwy 249 Ste 430, Houston, TX 77070.

6.   Defendant QBE Specialty Insurance Company is a foreign insurance company engaging in the business of insurance in the State of Texas. This defendant may be served via certified mail, return receipt requested by the clerk of the court, by serving its President and CEO, Russell Mark Johnston, at 1 General Dr., Sun Prairie, WI 53596-0001.

7.   Defendant Steadfast Insurance Company is a foreign insurance company engaging in the business of insurance in the State of Texas. This defendant

may be served via certified mail, return receipt requested by the clerk of the court, by serving its CEO, Kathleen Anne Savio, at 251 Little Falls Dr., Schaumburg, IL 60196-5870.

8.   Defendant General Security Indemnity Company of Arizona is a foreign insurance company engaging in the business of providing indemnity coverage to business in the State of Texas. This defendant may be served via certified mail, return receipt requested by the clerk of the court, by serving its Senior VP, Frederic Dhers, at 2338 West Royal Palm Road, Ste. J, Phoeniz, AZ 85021.

9.   Defendant United Specialty Insurance Company is a domestic insurance company engaging in the business of providing property and casualty insurance in the State of Texas. This defendant may be served via certified mail, return receipt requested by the clerk of the court, by serving its CEO, Terry Lee Ledbetter, at 160 Greentree Drive, Ste 101, Dover, DE 19904-7620.

10.  Defendant Lexington Insurance Company is a foreign insurance company engaging in the business of providing property and casualty insurance in the State of Texas. This defendant may be served via certified mail, return receipt requested by the clerk of the court, by serving its President and CEO, David Hughes McElroy, at 70 Pine Street, New York, NY 10270.

11.  Defendant Princeton Excess and Surplus Lines Insurance Company is foreign insurance company engaging in the business of providing insurance in the State of Texas. This defendant may be served via certified mail, return

receipt requested by the clerk of the court, by serving its President, John Patrick Vasturia, at 555 College Road East, Princeton, NJ 08540-6616.

12. Defendant International Insurance Company of Hannover SE is an alien insurance company engaging in the business of underwriting insurance policies in the State of Texas. This defendant may be served via certified mail, return receipt requested by the clerk of the court, by serving its Managing Director, Thomas Barenthein, C/O Drinker Biddle at 1177 Avenue of the Americas, Fl 41, New York, NY 10036-2717.

13. Defendant Indian Harbor Insurance Company is a foreign insurance company engaging in the business of providing property and casualty insurance in the State of Texas. This defendant may be served via certified mail, return receipt requested by the clerk of the court, by serving its President and CEO, Joseph Anthony Tocco, C/O The Corporation Trust Co at 1209 N Orange St., Wilmington, DE 19801-1196.

14. Defendant VeriClaim, Inc. is a foreign entity engaging in the business of adjusting and claims management in the State of Texas. This defendant may be served via certified mail, return receipt requested by the clerk of the court, by serving its Registered Agent, CT Corporation System at 1999 Bryan Street, Ste 900, Dallas, TX 75201.

15. Defendant Sedgwick Claims Management Services, Inc., is a foreign claims management services engaging in the management of claims in the State of Texas. This defendant may be served via certified mail, return receipt

requested by the clerk of the court, by serving its Attorney for Service, Commissioner of Insurance, at 333 Guadalupe Street, Austin, TX 78701-3938.

## JURISDICTION

16. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

17. The Court has jurisdiction over Defendant Lloyds because the defendant is an insurance company that engages in the business of providing insurance in the State of Texas, and Plaintiff's causes of action arise out of the defendant's business activities in the State of Texas.

18. The Court has jurisdiction over Defendant Carberry because the defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of the defendant's business activities in the State of Texas.

19. The Court has jurisdiction over Defendant AmRisc because the defendant engages in the business of managing insurance claims in the State of Texas, and Plaintiff's causes of action arise out of the defendant's business activities in the State of Texas.

20. The Court has jurisdiction over Defendant QBE because the defendant engages in the business of providing insurance in the State of Texas, and Plaintiff's causes of action arise out of the defendant's business activities in the State of Texas.

21. The Court has jurisdiction over Defendant Steadfast because the defendant is an insurance company engaging in the business of providing insurance in the State of Texas, and Plaintiff's causes of action arise out of the defendant's business activities in the State of Texas.

22. The Court has jurisdiction over Defendant General Security because the defendant engages in the business of providing insurance in the State of Texas, and Plaintiff's causes of action arise out of the defendant's business activities in the State of Texas.

23. The Court has jurisdiction over Defendant United because the defendant engages in the business of providing insurance in the State of Texas, and Plaintiff's causes of action arise out of the defendant's business activities in the State of Texas.

24. The Court has jurisdiction over Defendant Lexington because the defendant engages in the business of providing insurance in the State of Texas, and Plaintiff's causes of action arise out of the defendant's business activities in the State of Texas.

25. The Court has jurisdiction over Defendant Princeton because the defendant engages in the business of providing insurance in the State of Texas, and Plaintiff's causes of action arise out of the defendant's business activities in the State of Texas.

26. The Court has jurisdiction over Defendant International because the defendant engages in the business of underwriting insurance in the State of

Texas, and Plaintiff's causes of action arise out of the defendant's business activities in the State of Texas.

27. The Court has jurisdiction over Defendant Indian because the defendant engages in the business of providing insurance in the State of Texas, and Plaintiff's causes of action arise out of the defendant's business activities in the State of Texas.

28. The Court has jurisdiction over Defendant VeriClaim because the defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of the defendant's business activities in the State of Texas.

29. The Court has jurisdiction over Defendant Sedgwick because the defendant engages in the business of managing claims in the State of Texas, and Plaintiff's causes of action arise out of the defendant's business activities in the State of Texas.

**VENUE**

30. Venue is proper in Nueces County, Texas, because the insured property is situated in Nueces County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

**FACTS**

31. Plaintiff is the owner of a Texas Commercial Policy number AMR-35060 (hereinafter referred to as "the Policy"), which was issued by Lloyd's, Indian, QBE, Steadfast, General Security, United, Lexington, Princeton, International and AmRisc.

32. Plaintiff owns the insured property, which is specifically located at 1641 Nile Dr., Corpus Christi, TX 78412, in Nueces County (hereinafter referred to as "the Property").

33. Lloyd's, Indian, QBE, Steadfast, General Security, United, Lexington, Princeton, International and AmRisc sold the Policy insuring the Property to Plaintiff.

34. On or about August 25, 2017, a massive hurricane struck Nueces County, Texas, causing significant damage to many homes and businesses throughout the region, including Plaintiff's property. Plaintiff's roofing system sustained extensive damage during the hurricane. Plaintiff's property also sustained substantial exterior siding and interior damage during the hurricane. Shortly after the hurricane, Plaintiff submitted a claim to the Insurance Defendants against the Policy for the damage to the Property sustained as a result of the hurricane. Plaintiff asked that the Insurance Defendants cover the cost of repairs to the Property pursuant to the Policy.

35. The claim number assigned by the Insurance Defendants is 4142645.

36. The Insurance Defendants assigned Sedgwick and/or VeriClaim and Carberry to adjust the claim. Defendant Carberry made the decision to severly underscope, undervalue and deny the damage to the roof(s), exterior(s), elevation(s), interior(s) and garage(s) of the property/business. During the course of fifteen months and multiple inspections, Defendant Carberry consistently made the decision to severely underscope, undervalue,

and deny the damage to both the exterior and interior of the buildings. Defendant Carberry's outcome oriented and sub-standard investigation of this loss resulted in his written estimate that omits the vast majority of covered damages and severely undervalues the damage he does acknowledge. As such, and acting in reliance upon Carberry, the Insurance Defendants have denied most of Plaintiff's covered damages. Further, Plaintiff has been underpaid on those damages in which liability was accepted as well. Despite repeated inquiries and complaints, including Plaintiff getting their own estimates for the damages (a job that the Defendants should have performed), almost two years have passed without Defendants addressing the glaring shortcomings in the handling of this claim. To date, Plaintiff has yet to receive the full amount due under the policy.

37.   As a result of the unreasonable investigation of Plaintiff's claim (including not providing full coverage for the damages sustained by Plaintiff and under-scoping the damages during the investigation, thus denying adequate and sufficient payment to Plaintiff to repair its property), Plaintiff's claim was improperly and unreasonably adjusted. The mishandling of Plaintiff's claim has caused a delay in the ability to make necessary repairs to the Property, which has resulted in additional and consequential damages. To date, Plaintiff has yet to receive the full payment to which they are entitled under the Policy.

38.  As detailed in the paragraphs above and below, Defendants wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, the Insurance Defendants underpaid some of Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during the investigation.

39.  To date, Defendants continue to delay in payment for the damages to the property.

40.  The Insurance Defendants failed to perform their contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, they refused to pay the full proceeds due under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. The Insurance Defendants' conduct constitutes a breach of the insurance contract between the Insurance Defendants and Plaintiff.

41.  The Insurance Defendants, Sedgwick, VeriClaim and Carberry misrepresented to Plaintff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. The Insurance Defendants, Sedgwick, VeriClaim and Carberry's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

42.     The Insurance Defendants, Sedgwick, VeriClaim and Carberry failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. The Insurance Defendants, Sedgwick, VeriClaim and Carberry's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

43.     The Insurance Defendants, Sedgwick, VeriClaim and Carberry failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any valid explanation why full payment was not being made. Furthermore, The Insurance Defendants, Sedgwick, VeriClaim and Carberry did not communicate that any future settlements or payments would be forthcoming to pay for the losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. The Insurance Defendants, Sedgwick, VeriClaim and Carberry's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

44.     The Insurance Defendants, Sedgwick, VeriClaim and Carberry refused to fully compensate Plaintiff, under the terms of the Policy, even though The Insurance Defendants, Sedgwick, VeriClaim and Carberry failed to conduct a reasonable investigation. Specifically, The Insurance Defendants, Sedgwick, VeriClaim and Carberry performed an outcome-oriented investigation of

Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. The Insurance Defendants, Sedgwick, VeriClaim and Carberry's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

45.   The Insurance Defendants failed to meet their obligation under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning and investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. The Insurance Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §542.055.

46.   The Insurance Defendants failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. The Insurance Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

47.   The Insurance Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, they have delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for their claim. The Insurance

Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

48.     From and after the time Plaintiff's claim was presented to the Insurance Defendants, the liability of the Insurance Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, the Insurance Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. The Insurance Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

49.     The Insurance Defendants, Sedgwick, VeriClaim and Carberry knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

50.     As a result of The Insurance Defendants, Sedgwick, VeriClaim and Carberry's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

## CAUSES OF ACTION:

## CAUSES OF ACTION AGAINST INSURANCE DEFENDANTS ONLY

51.     The Insurance Defendants are liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

52. The Insurance Defendants' conduct constitutes a breach of the insurance contract made between the Insurance Defendants and Plaintiff.

53. The Insurance Defendants' failure and/or refusal, as described above, to conduct a reasonable investigation and pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the Insurance Defendant's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

54. The Insurance Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

55. The Insurance Defendants' unfair settlement practice, as described above, of misrepresenting to Plaintiff's material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

56. The Insurance Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though The Insurance Defendants' liability under the Policy was reasonably clear, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

57.  The Insurance Defendants' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

58.  The Insurance Defendants' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

59.  The Insurance Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

60.  The Insurance Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

61.  The Insurance Defendants' failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and requests from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

62.  The Insurance Defendants' failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

63.  The Insurance Defendants' delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

64.  The Insurance Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

65.  The Insurance Defendants' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time The Insurance Defendants knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## CAUSES OF ACTION AGAINST SEDGWICK AND VERICLAIM

66.     Defendant Sedgwick and VeriClaim's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

67.     Defendant Sedgwick and VeriClaim's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

68.     Defendant Sedgwick and VeriClaim's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

69.     Defendant Sedgwick and VeriClaim's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

70.   Defendant Sedgwick and VeriClaim's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tᴇx. Iɴs. Cᴏᴅᴇ §541.060(a)(7).

## CAUSES OF ACTION AGAINST CARBERRY

71.   Defendant Carberry's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

72.   Defendant Carberry's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

73.   Defendant Carberry's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tᴇx. Iɴs. Cᴏᴅᴇ §541.060(a)(2)(A).

74.   Defendant Carberry's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the

basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

75. Defendant Carberry's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## KNOWLEDGE

76. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

77. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

78. As previously mentioned, the damages caused by the storm have not been properly addressed or repaired in the time since the event, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of The Insurance Defendants,

Sedgwick, VeriClaim and Carberry's mishandling of Plaintiff's claim in violation of the laws set forth above.

79. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

80. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

81. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

82. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

83. For the prosecution and collection of its claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable

and necessary services of Plaintiff's attorney in the preparation and trial of its action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

84.    Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Nueces County, Texas.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

85.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, The Insurance Defendants, Sedgwick, VeriClaim and Carberry are requested to disclose, within 50 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of its case, for all costs of Court on its behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show

itself justly entitled. In accordance with Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief more than $1,000,000.

Respectfully submitted,

CARRIGAN & ANDERSON, PLLC

/s/David M. Anderson
**David M. Anderson**
State Bar No. 24064815
**Stephen P. Carrigan**
State Bar No. 03877000
101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas  78401
(361) 884-4433 (Office)
(361) 884-4434 (Facsimile)
anderson@ccatriallaw.com
scarrigan@ccatriallaw.com

**ATTORNEYS FOR PLAINTIFF**